UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY | Plaintiff |
| v. | Civil Action No. 3:13-CV-00804-RGJ-RSE |
| BROKEN SPOKE BAR & GRILL, LLC, *ET AL*. | Defendants |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Maxum Indemnity Company's ("Maxum's") Supplemental Briefing in Support of Summary Judgment. [DE 84]. Briefing is complete. [DE 85, DE 86, DE 87]. For the reasons below, the Court will **GRANT** Maxum's Motion for Summary Judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are set forth in the Court's Memorandum Opinion and Order ("Order") [DE 80], incorporated by reference, which granted in part, and denied in part, Maxum's motion for summary judgment. As part of Defendant Chris Gribbins ("Gribbins") response to Maxum's original motion for summary judgment he argued that "Insurance Agent Clark" ("Agent Clark") assured Gribbins that insurance coverage would extend to altercations or robberies at his bar. [DE 86]. In its Order [DE 80], the Court interpreted Gribbins' argument as asserting equitable estoppel, denied summary judgment on that issue, and invited parties to submit limited supplemental briefing to clarify the issue. [DE 80, at 18]. Maxum now moves for summary judgment on this last remaining issue. [DE 84].

1

## II. STANDARD

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008); *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

## III. DISCUSSION

The issue is whether Maxum is equitably stopped as a result of the alleged representations of Agent Clark. There are five essential elements to an equitable estoppel claim: (1) conduct or language amounting to a representation of material fact, (2) awareness of the true facts by the party to be estopped, (3) an intention on the part of the party to be estopped that the representation be acted on, (4) unawareness of the true facts by the party asserting the estoppel, and (5) detrimental and justifiable reliance by the party asserting estoppel on the representation. *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 442 (6th Cir. 2010). In the context of insurance coverage, estoppel arises when the "insured detrimentally relies on [the] acts or representations of the *insurer* that are inconsistent with the terms of the policy." *Jones v. Jackson Nat. Life Ins. Co.*, 27 F.3d 566 (6th Cir. 1994) (emphasis added). "Accordingly, in Kentucky, when an insurance agent makes affirmative misrepresentations about the coverage of an insurance policy, and the insured relies upon those misrepresentations to their detriment, an insurance company may be liable for the insured's injury." *Riney v. Mendenhall*, No. CIV A 404CV-175-M, 2007 WL 2000005, at *1 (W.D. Ky. July 3, 2007).

According to Gribbins, Agent Clark made "verbal assurances" that the insurance would cover the cost of any lawsuit and damages following an altercation at the bar under his insurance policy with Maxum. [DE 78, at 679]. He claims that "he purchased the insurance policy with reasonable assurances that he would be insured and covered [if] any event/occurrence, like [Gribbins] defending his business from robbery" were to happen. [*Id*. at 677]. Still, these alleged assurances and statements made by Agent Clark are of no consequence unless Agent Clark acted as an agent for Maxum. *See Riney*, W.D. Ky. July 3, 2007 at *1. Representations, conduct, or assurances of those who are not agents of Maxum, or of those who cannot act on its behalf, do not

bind Maxum. *Id.* For these reasons, the Court considers whether Agent Clark was acting on behalf of Maxum or on behalf of Gribbins individually.

The Court must first distinguish between an insurance agent (who works on behalf of an insurance company) and an insurance broker (who works on behalf of the individual or business seeking insurance). The distinction between the two lies in the exclusivity of control, meaning that while both insurance agents and insurance brokers solicit insurance business from the public, the agent has a "fixed, permanent and exclusive relationship with the insurance company" that he represents, while a broker represents more than one company. *Stickney v. United Ins. Grp. Agency, Inc.,* No. 3:13-CV-235, 2015 WL 11176515, at *13 (S.D. Ohio Aug. 11, 2015).

The insurance broker acts as a "middleman" between his customer (the person or business seeking insurance) and the potential insurer, aiding them in selecting an insurance company for which to be insured by. *Id.* at 41. So an insurance broker is "ordinarily employed by the person seeking insurance" and is an agent of the insured, not the insurer. *Paul Revere Life Ins. Co. v. Wilner*, 230 F.3d 1359 (6th Cir. 2000). While the broker eventually places the insured with a specific insurance company, that company is not liable for the statements, assurances, conduct, or negligence committed by the broker in his capacity as an insurance broker for the insured. *Levin v. Barry Kaye & Assocs.*, 858 F. Supp. 2d 914, 925 (S.D. Ohio 2012) (citing *Damon's Missouri, Inc. v. Davis*, 590 N.E.2d 254, 610 (1992)).

Agent Clark acted as an Gribbins' insurance broker at all times relevant to the application and placement of the Maxum policy. [DE 84-1, Plf.'s Supp. Brief., Exh. A. ¶ 7]. Maxum is a non-admitted insurance carrier in the State of Kentucky and is eligible to accept and provide surplus lines insurance to clients. *Id.* ¶ 6; Ky. Rev. Stat. Ann. § 304-10-010. Individuals, like Gribbins, seeking insurance from a surplus lines insurer cannot do so directly from the insurance company,

but must procure insurance through a licensed broker. *Id*. At the time of the application, underwriting, and placement of the Maxum policy, Agent Clark was the surplus lines broker representing Gribbins. [DE 84, Plf.'s Supp. Brief., Exh. A, ¶ 7]. At no time was Agent Clark appointed to act on behalf of, or represent in any way, Maxum, nor was Agent Clark ever affiliated with Maxum in any capacity. *Id*. ¶ 8. Records from the Kentucky Department of Insurance also confirm that Agent Clark was not appointed or affiliated with Maxum to act on its behalf in Kentucky. [DE 84, Plf.'s Supp. Brief., Exh. B].

The underwriting materials between the parties also explain the relationship. The application between Agent Clark and Gribbins identifies Duckworth Insurance, Agent Clark's company, as the agency and Gribbins as the applicant and was prepared by Agent Clark. [DE 84, Plf.'s Supp. Brief., Exh. A-1]. Correspondence between Agent Clark and Gribbins suggest that Clark and Duckworth Insurance had been representing Gribbins with his "personal insurance for 20+ years." [DE 84, Plf.'s Supp. Brief., Exh. A-3]. Communications between Bolton & Company and Agent Clark show that Clark is the agent/broker on behalf of Duckworth Insurance and Gribbins. [DE 84, Plf.'s Supp. Brief., Exh. A-4]. These communications establish that Agent Clark was an agent of Gribbins, not Maxum, and was acting on Gribbins' behalf throughout the application, underwriting, and placement process of the Maxum policy.

Gribbins argues that Maxum allowed Agent Clark to represent its company and should therefore be liable for Clark's actions [DE 86, Def.'s Supp. Brief, at 2], but for the reasons outlined above he is mistaken. He also contests that the correspondence between Sandy Ballard and Agent Clark [DE 84, Plf.'s Supp. Brief., Exh. A-4] show a partnership between the two. Even so, although Bolton underwrote that policy as Maxum's agent, correspondence between a representative of Bolton and Agent Clark does not prove any relationship between Maxum and

Agent Clark. Finally, Gribbins argues that the expected or intended injury clause does not apply to this case because at no time could the altercation have been expected or intended. [DE 86, Def.'s Supp. Brief, at 1-2]. But this Court has already decided that Gribbins' conviction for wanton murder estops him from asserting any facts inconsistent with the jury's finding in his criminal case, meaning he cannot argue that the Expected or Intended Injury Exclusion does not apply. [DE 80, Memo. Opin. And Order, at 14]. For these reasons, Maxum's summary judgment is granted.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** Plaintiff Maxum Indemnity Company's Supplemental Briefing in Support of Summary Judgment, [DE 84], is **GRANTED.** The Court will enter separate judgment.